IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ANTWAN WHEELER,

        **Plaintiff,**

v.

DEKALB COUNTY, GEORGIA, et al.,

        **Defendants.**

1:13-cv-4205-WSD

## OPINION AND ORDER

This matter is before the Court on Defendants DeKalb County, T.S. Hunt, S.L. Slade, and W.L. Wallace's Motion to Dismiss for Failure to State a Claim [2], Plaintiff Antwan Wheeler's Motion to Remand to State Court [5] and Second Motion to Remand to State Court [26], Plaintiff's Motion to Stay Proceedings [11], and Defendant Q.D. Hudson's Motion to Dismiss the Complaint for Insufficiency of Process [24]. Also before the Court are Plaintiff's Motions for Extension of Time to File a Response [19], for Leave to File Excess Pages [21], and for Leave to File a Short Sur-Reply [29].

**I.    BACKGROUND**

On November 18, 2013, Plaintiff Antwan Wheeler ("Plaintiff") filed an action against the Defendants in the State Court of DeKalb County, Georgia,

alleging various state law causes of action as well as violations of his civil rights under 42 U.S.C. § 1983. The claims all arise from Plaintiff's claimed arrest on December 23, 2010, and his subsequent detention. Plaintiff's Complaint asserts numerous allegations against the "Defendants" generally, but it does not identify which acts or omissions Defendants engaged in or for which they are responsible.

On December 19, 2013, Defendants DeKalb County, T.S. Hunt, S.L. Slade, and W.L. Wallace (the "Removal Defendants") filed their Notice of Removal to this Court. The Removal Defendants stated in their Notice of Removal that "[a]ll the remaining defendants are expected to consent to removal." (Notice of Removal [1] ¶ 4.)

On December 24, 2013, the Removal Defendants moved to dismiss Plaintiff's Complaint, alleging that the Complaint is an impermissible shotgun pleading. On January 1, 2014, Plaintiff moved to remand the action to State court, contending that Defendant Q.D. Hudson ("Hudson") did not join in the removal and that the rule of unanimity was not satisfied. On January 2, 2014, Plaintiff moved to stay, pending the ruling on his Motion to Remand.[1]

---

[1] On January 31, 2014, Plaintiff moved for an extension of time to file his reply brief in support of his Motion to Remand. On February 17, 2014, Plaintiff submitted his reply brief, and also requested in his brief for leave to include excess pages. On April 14, 2014, Plaintiff moved for leave to file a sur-reply to Hudson's Motion to Dismiss for Insufficiency of Process, and submitted a sur-reply to the

On March 26, 2014, Hudson filed his Notice of Removal and Consent to Removal [23]. In these pleadings, he "authorized [his attorney] to waive service of the summons and process and respond" to the Complaint. (Notice of Removal [23] ¶ 1.)

On March 26, 2014, Hudson moved to dismiss Plaintiff's claims against him based on insufficient service of process. Hudson alleged that Plaintiff sought to deliver his pleadings to Hudson's mother and sister at their residence. Hudson has provided several exhibits showing that he did not live at the residence at which Plaintiff attempted to serve him.[2] Plaintiff, relying on the return of service on Hudson and on his process server's affidavit, contends that service was perfected on Hudson on December 1, 2013.

After Hudson's Notice of Removal was filed, on April 4, 2014, Plaintiff filed his second Motion to Remand to State Court.

---

Court. Plaintiff's Motions were unopposed. The Court grants these motions, and accepts Plaintiff's reply brief [20] and sur-reply [29].

[2] See Def.'s Ex. 1 [16-1]. Hudson filed an affidavit attesting that he did not live at the location where process was served. He also produced a letter from his employer confirming his address, as well as copies of two bills mailed to him at the address at which he claimed to live. Plaintiff did not contest the authenticity of these exhibits, and the Court accepts them.

## II. DISCUSSION

### A. Motion to Remand

The parties do not dispute that the Court has federal question subject-matter jurisdiction over Plaintiff's Section 1983 claims. Plaintiff argues, however, that this action must be remanded because removal was untimely and because not all Defendants consented to removal. Plaintiff contends that he perfected service on Hudson, and that Hudson did not consent to removal within the required thirty-day period, violating the unanimity rule in 28 U.S.C. § 1446(b)(2)(A).

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. § 1441(a).[3] When removal is challenged, the removing party has the burden to show that the removal was proper, or the case must be remanded to the state court. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"When a civil action is removed [to a federal court with jurisdiction arising]

---

[3] In cases where original jurisdiction is based "solely" on diversity under 28 U.S.C. § 1332(a), the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

4

solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).  Section 1446 further provides: "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons [in § 1446(b)(1)] to file the notice of removal."  Id. § 1446(b)(2)(B).  Section 1441(b)(1) requires that the notice of removal be filed "within 30 days after the receipt by the [removing] defendant," of a copy of the complaint.  Id. § 1446(b)(1); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Bailey v. Janssen Pharmeceutica, Inc., 536 F.3d 1202, 1205 (11th Cir. 2008) (citing Murphy, 526 U.S. at 347-48).

"The unanimity rule [of Section 1446(b)(2)(A) generally] requires that all defendants consent to and join a notice of removal in order for it to be effective." Bailey, 536 F.3d 1202, 1207 (11th Cir. 2008); see also Russell Corp., 264 F.3d at 1044 ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman Assistants' Local 340 et. al., 427 F.2d 325, 326-27 (5th Cir. 1970).

"The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been

properly served." See Johnson v. Wellborn, 418 F. App'x 809, 815 (11th Cir. 2011) (citing Bailey, 536 F.3d at 1208 ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.")); see also Murphy, 526 U.S. at 350 ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. . . . Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."). If the unanimity rule is not met, then the case must be remanded pursuant to 28 U.S.C. § 1447(c).[4] Id.; see also Tri-Cities Newspapers, 427 F.2d at 327.

The record here supports that the Removal Defendants—all of whom had been served with Plaintiff's Complaint by the date of removal—consented to the removal when the Notice of Removal was filed. The question that remains is whether Hudson had been served with the Complaint by the date of the Notice of Removal, and if so, whether Hudson had consented to the removal. Hudson

---

[4] Section 1447(c) provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

contends that he was not a party to the lawsuit when the Removal Defendants removed Plaintiff's action to this Court, because he was never properly served.

Georgia's law regarding personal service of process provides:

> Service shall be made by delivering a copy of the summons attached to a copy of the complaint as follows . . . to the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

O.C.G.A. § 9-11-4(e)(7). A return of service creates a presumption that a defendant was properly served, but evidence that service failed to comply strictly with the statute overcomes the presumption raised by the service return. See Forsythe v. Gay, 487 S.E.2d 128, 129 (Ga. Ct. App. 1997). In Georgia, the plaintiff is responsible for complying with the specific requirements of Section 9-11-4(e)(7). See Bible v. Bible, 383 S.E.2d 108, 109-10 (Ga. 1989) (holding that "OCGA § 9-11-4(d)(7) means exactly what it states, and that service under this section must be made as provided"); see also Ballenger v. Floyd, 639 S.E.2d 554, 555 (Ga. Ct. App. 2006). Substantial compliance with the rule is not enough to perfect service of process. Id.

Plaintiff did not, on December 1, 2013, satisfy the requirements of Section 9-11-4(d)(7). The evidence presented by Hudson regarding the attempt to

serve Hudson on December 1, 2013, rebuts the presumption of service that arose from Plaintiff's filing of the return of service. Hudson did not, on December 1, 2013, live at the residence where the process server left the Summons and Complaint. Hudson provided the Court with bills, an affidavit, and a letter from his employer, which demonstrate that he did not live at the residence at which the process server sought to serve Hudson by leaving a copy of the Summons and Complaint with his family members. See Dickson v. Amick, 662 S.E.2d 333, 335 (Ga. Ct. App. 2008) (finding that affidavit and documents showing appellant did not live at the address at which the complaint and summons were delivered were sufficient to show that process was improper under Georgia law). Hudson was not served as required by O.C.G.A. § 9-11-4(d)(7).

The Court concludes that, because Hudson was not a defendant "who [h]ad been properly joined and served" at the time of removal, Hudson was not required to join in or consent to removal when the Removal Defendants filed their Notice of Removal in this action. Removal thus satisfied the requirements of the unanimity rule, and Plaintiff's Motions to Remand are denied.

Hudson also contends that the action against him must be dismissed for improper service of process, because it is undisputed that he was never personally served at his residence. For the reasons discussed here, the Court finds that

Hudson was not properly served within the time period for service.  Hudson filed his Notice of Removal and Motion to Dismiss for improper service in this Court, and by doing so indicated his intention to assert his jurisdictional defense.  See Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 698 (M.D. Ga. 1998) ("A defendant's conduct vis-à-vis the court, rather than its words alone, governs whether a defendant has waived its defense of insufficient service of process."). Hudson's Motion to Dismiss the Complaint for Insufficiency of Process [24] is therefore required to be granted.

  B. <u>Motion to Dismiss for Failure to State a Claim</u>

On January 2, 2014, Plaintiff moved to stay the proceedings in this action until the resolution of Plaintiff's Motion to Remand.  The Removal Defendants' Motion to Dismiss has been fully briefed, however, and is now ripe for review. Accordingly, Plaintiff's Motion to Stay Proceedings [11] is denied as moot.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim" that shows that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a "shotgun pleading" that violates Rule 8(a)(2).  Byrne v. Nezhat, 261 F.3d 1075, 1129–30 (11th Cir. 2001).  Shotgun pleadings fail to make the connection between

"the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim]." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279–80 (11th Cir. 2006). The problem with such pleadings "is not that [courts] know that the plaintiffs cannot state a claim but rather that [they] do not know whether they have." Id. at 1280.  The Eleventh Circuit has explained that, "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996).

  The Removal Defendants contend that Plaintiff's Complaint is a shotgun pleading that does not conform to Rule 8(a)(2) of the Federal Rules of Civil Procedure.  The Removal Defendants argue that the Complaint should be dismissed on this basis.  Plaintiff contends that his pleading is sufficient under Georgia law and that, even if it is not acceptable in its current form, the Court should permit him to re-plead.

  Once an action has been removed to federal court, the Federal Rules of Civil Procedure govern the action.  See Smith v. Bayer Corp., 131 S.Ct. 2368, 2374 n.2 (2011) (noting that "federal procedural rules govern a case that has been removed

to federal court"). A pleading fails to conform to the federal pleading standard when "it is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant." Beckwith v. Bellsouth Telecommunications Inc., 146 F. App'x 368, 372 (11th Cir. 2005).

Plaintiff's action has been properly removed to this Court, and his Complaint is required to meet the pleading standards of Rule 8(a)(2). Plaintiff does not contest that his Complaint does not meet the federal requirements,[5] but requests leave to amend his Complaint to correct any pleading deficiencies. The Court grants to Plaintiff the opportunity to file an amended complaint. An amended complaint, if Plaintiff elects to file one, is required to be filed on or before May 30, 2014.

## III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants DeKalb County, T.S. Hunt, S.L. Slade, and W.L. Wallace's Motion to Dismiss for Failure to State a Claim [2] is **DENIED WITHOUT PREJUDICE** to renewal if Plaintiff files an amended complaint. An amended complaint, if Plaintiff elects to file one, is required to be filed on or before May 30, 2014.

---

[5] See Pl.'s Resp. to Def.'s Mot. to Dismiss [13] at 13.

**IT IS FURTHER ORDERED** that Plaintiff' Motion to Remand to State Court [5] and Second Motion to Remand to State Court [26] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings [11] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Extension of Time [19], for Leave to File Excess Pages [21], and for Leave to File a Short Sur-Reply [29] are **GRANTED**, *nunc pro tunc*.

**IT IS FURTHER ORDERED** that Defendant Q.D. Hudson's Motion to Dismiss the Complaint for Insufficiency of Process [24] is **GRANTED**. Defendant Q.D. Hudson is **DISMISSED** from this action.

**SO ORDERED** this 16th day of May, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE